IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN RODNEY VEACH, No. 06083-025, | )<br>)<br>) |
| Petitioner, | )<br>) |
| vs. | ) CIVIL NO. 11-cv-575-DRH<br>)<br>) |
| T.R. SNIEZEK and KUMA J. DEBOO, | )<br>)<br>) |
| Respondents. | )<br>) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This case is before the Court on petitioner's writ of habeas corpus. Petitioner, an inmate in the Federal Correctional Institution (FCI) in Schuylkill, Pennsylvania, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the sentence that was imposed on November 17, 2003, after his guilty plea in this Court (*See United States v. Veach*, Case No. 02-cr-40074-GPM).

As an initial matter, a word about the named respondents is in order. Respondent Deboo is the warden of FCI-Gilmer in Glenville, West Virginia, where petitioner was confined at the time this action was filed. Petitioner has since been transferred to FCI-Schuylkill and his new custodian is respondent Sniezek. Accordingly, respondent Deboo, the former custodian, shall be dismissed from

this action.  *See* 28 U.S.C. § 2242.

## **Background**

Petitioner pled guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  Based on this Court's finding that petitioner was a career offender under the United States Sentencing Guidelines (U.S.S.G.) § 4B1.1(a), his offense level was enhanced from 25 to 32, and he was given the maximum available sentence of 188 months.  This Court concluded that petitioner had three prior convictions for "crimes of violence."  Two of these prior offenses were in Illinois, for aggravated battery under 720 Illinois Compiled Statutes 5/12-4(b)(8).

Petitioner appealed from his conviction, but that appeal was dismissed because of the appeal waiver contained in his plea agreement.  *United States v. Veach*, No. 03-4203 (7th Cir. May 11, 2005).  Petitioner then filed a 28 U.S.C. § 2255 motion on July 18, 2006, alleging ineffective assistance of counsel.  This Court denied the § 2255 motion on July 18, 2008 (Doc. 11 in *Veach v. United States*, Case No. 06-cv-565-GPM).

In April 2010, petitioner submitted a *pro se* motion for a certificate of appealability to the United States Court of Appeals, Seventh Circuit.  In it, he argued that under the recent decisions in *Begay v. United States*, 553 U.S. 137 (2008), *Chambers v. United States*, 555 U.S. 122 (2009), and *United States v. Evans*, 576 F.3d 766 (7th Cir. 2009), the two Illinois offenses that were used to enhance his sentence no longer met the definition of "violent felonies."  The

Seventh Circuit construed petitioner's motion as a notice of appeal and directed it to be filed as such in this Court (*see* Doc. 13 in Case No. 06-565-GPM).

On November 19, 2010, the Seventh Circuit dismissed the appeal for lack of jurisdiction, finding it to be an untimely appeal from the denial of petitioner's § 2255 motion.  Notably, the Seventh Circuit indicated that petitioner's argument might be cognizable in a § 2241 petition, because that is "the proper avenue for relief when § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Veach v. United States*, No. 10-2129 (7th Cir. Nov. 19, 2010) (quoting 28 U.S.C. § 2255(e)) (*See also* Doc. 26-1 in Case No. 06-cv-565-GPM).  Following the Seventh Circuit's suggestion, petitioner filed the instant action on June 22, 2011.

## Analysis

Petitioner argues that the § 2255 procedure is inadequate to test the legality of his detention, because this Court was unwilling to reach his constitutional claims due to the appellate waiver.  However, the fact that petitioner did not succeed in obtaining relief through his § 2255 motion does not demonstrate a structural inadequacy in the § 2255 procedure itself.  Nevertheless, for the reasons below, the Court finds that petitioner's claim is one of the few cases where § 2255 does not provide an adequate remedy, and meaningful review is available only through a petition filed under § 2241.  Therefore, the respondent shall be directed to answer the petition.  Nothing in this order, however, should be construed as an opinion on the merits of petitioner's claim.

Petitioner bases his claim that his two Illinois aggravated battery convictions

should no longer be considered "crimes of violence" on a Supreme Court ruling announced over four years after petitioner was sentenced. *See Begay v. United States*, 553 U.S. 137 (2008) (holding that the felony offense of driving under the influence of alcohol is not a violent felony within the meaning of 18 U.S.C. § 924(e), the Armed Career Criminal Act). Petitioner asserts that in light of *Begay* and subsequent cases applying the analysis of that opinion, his Illinois convictions for aggravated battery do not contain the requisite elements to qualify as crimes of violence under the U.S.S.G. and therefore should not have been used to enhance his sentence. He urges this Court to grant relief because his 188 month "career offender" enhanced sentence is constitutionally impermissible under the rule announced in *Begay*. Further, he notes that if his sentence were reduced commensurate to his non-enhanced offense level of 25 and criminal history category of III, he should be entitled to immediate release, having already served the maximum allowable sentence for that offense level (Doc. 1-1, p. 11).

As a general rule, a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective. *See also*

*Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("[A] prisoner who challenges his federal conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").

An inmate who has had the opportunity for one round of review under § 2255 may only file a second or successive § 2255 motion by first obtaining leave by certification of the appropriate court of appeals that his motion meets one of the listed criteria. 28 U.S.C. § 2255(h). This limitation alone does not render § 2255 an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The court stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as **having been imprisoned for a nonexistent offense**." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit later clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Here, petitioner is not claiming that he is actually innocent of the Illinois aggravated battery charges, or of the federal drug charge to which he pled guilty.

However, he argues that he is "actually innocent" of being a career offender within the meaning of U.S.S.G. § 4B1.1(a) because, under the analysis outlined by the *Begay* court, he has not been convicted of three prior violent felonies under the current understanding of the U.S.S.G. definition. The Seventh Circuit has characterized the distinction between crimes and sentencing enhancements as "one of degree, not one of kind[;]" thus, petitioner's actual innocence claim may be cognizable in a § 2241 petition. *Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010)).

The *Begay* decision challenged the broad coverage of the language in 18 U.S.C. § 924(e)(2)(B)(ii), making a "violent felony" any crime which involved "burglary, arson, extortion, or crimes involving the use of explosives," and stated that had Congress meant for the language to be all-encompassing, it would not have included these intentional crimes in the definition. *Begay*, 553 U.S. at 142. Following the *Begay* opinion, courts have had to evaluate whether various crimes should or should not be considered "violent felonies" within the meaning of that statute, and thus whether they should subject a defendant to the statute's enhanced sentencing provisions. *See, e.g., United States v. Sykes*, 598 F.3d 334 (7th Cir. 2010) (finding an Indiana conviction for fleeing police in a vehicle is a "violent felony" for sentence enhancement purposes); *United States v. Woods*, 576 F.3d 400 (7th Cir. 2009) (finding an Illinois involuntary manslaughter conviction is not a "violent felony").

Approximately two years after the *Begay* decision, the Seventh Circuit held

(on May 4, 2010) that the *Begay* rule is retroactively applicable to cases on collateral review. *Welch v. U.S.*, 604 F.3d 408, 415 (7th Cir. 2010). However, in this Circuit's reading of the statute governing § 2255 motions, a retroactivity decision rendered by any court other than the Supreme Court only applies to cases on *initial* collateral review. *Ashley v. United States*, 266 F.3d 671, 674-75 (7th Cir. 2001). The *Ashley* court held that any district court, court of appeals, or the Supreme Court can render a decision holding that a right newly recognized by the Supreme Court is retroactively applicable to cases on collateral review on an initial § 2255 motion, thus beginning the one-year limitations period for filing a § 2255 motion under the Antiterrorism and Effective Death Penalty Act (AEDPA). *Ashley*, 266 F.3d at 674 (*Ashley* refers to motions filed under § 2255 ¶ 6(3), which is now found under § 2255(f)(3)). However, a second or successive petition filed under ¶ 8(2) [now (h)(2)] of § 2255 can only be authorized where the Supreme Court itself made the new rule retroactive on collateral review. *Id.* at 674-75; 28 U.S.C. § 2255(h)(2) (second or successive motion must be certified to contain "a new rule of constitutional law; made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable").

In petitioner's case, he has already had his initial § 2255 motion heard and rejected by this Court, and could only obtain collateral review of his *Begay* argument under § 2255 if the Seventh Circuit were to allow him to file a second § 2255 action in this Court. In the Seventh Circuit's view, unless the Supreme Court has itself held that *Begay* is retroactively applicable to cases on collateral

review (which to date it has not done), an appellate court has no authority to grant such a request under § 2255(h)(2). *Ashley*, 266 F.3d at 673. Therefore, it appears that petitioner has indeed raised an "actual innocence" claim that § 2255 is procedurally inadequate to address. *See Davenport*, 147 F.3d at 610-12 (allowing prisoner (Nichols) to proceed under § 2241 where change in law came after first § 2255 motion had been denied and Supreme Court had not made new constitutional rule retroactive so as to allow a second § 2255 motion to be certified).

Accordingly, the respondent shall answer the petition.

## **Disposition**

The Clerk is **DIRECTED** to **TERMINATE** respondent Kuma J. Deboo, Warden of FCI-Gilmer, as a party.

**IT IS HEREBY ORDERED** that respondent Sniezek shall, within **23 days** of receipt of this petition for Writ of Habeas Corpus, answer and show cause why the writ should not issue. Service of the petition and this Memorandum and Order upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that petitioner shall serve upon respondent (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Petitioner shall include with the original paper to be filed a certificate stating the date on which a true and

correct copy of the document was served on respondent or defense counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his address during the pendency of this action; the Court will not independently investigate his whereabouts. This notification shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 23, 2011**

David R. Herndon
2011.12.23
15:36:12 -06'00'

**Chief Judge**
**United States District Court**